BENEFICIAL INDUSTRIAL LOAN CORPORATION v. HANDY, Collector of Internal Revenue.

No. 2.

District Court, D. Delaware.

Aug. 31, 1936.

Richards, Layton & Finger, of Wilmington, Del., and Jackson R. Collins, of New York City, for plaintiff.

Leonard E. Wales, U. S. Atty., of Wilmington, Del., and Robert H. Jackson, Gen. Counsel, Bureau of Internal Revenue, and William Boyd Duff, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

NIELDS, District Judge.

Indebitatus assumpsit under U.S.Rev. St. § 3226, as amended (26 U.S.C.A. §§ 1672–1673), to recover moneys wrongfully collected by the defendant from the plaintiff as corporate income taxes. In its declaration plaintiff alleges: "That the collection on September 26, 1931, of $2,486.54, by the defendant from the plaintiff, as and for an alleged additional corporate income tax and interest thereon for the fiscal year ended December 31, 1929, as aforesaid, was illegal and invalid. That by reason of the facts aforesaid there * * * is now due from the defendant to the said plaintiff the sum of $2,486.54 with interest thereon from September 26, 1931." Defendant pleads non assumpsit and statute of limitations. Defendant further moves for judgment "for the reasons that there is not sufficient or substantial evidence to warrant judgment for the plaintiff and that the defendant is entitled to such judgment as a matter of law under the evidence and facts of the case."

The following facts are stipulated by the parties: December 15, 1928, plaintiff was incorporated. May 8, 1929, plaintiff with American Loan Company and Industrial Bankers of America, Inc., entered into an agreement entitled an "Agreement and Act of Consolidation" which was filed with the secretary of state of the state of Delaware on May 9, 1929. March 13, 1930, plaintiff filed an income tax return including therein income from January 1, 1929, to May 9, 1929, the effective date of said "Agreement and Act of Consolidation." This return showed a computed tax due for said period of $29,318.70 which amount was paid to defendant. September 5, 1931, the Commissioner of Internal Revenue assessed an additional corporate income tax for the period in question against plaintiff in the amount of $2,284.47 with interest in the sum of $202.07. This additional assessment was made by reason of the disallowance of a claimed deduction amounting to $20,767.93. September 28, 1931, said tax and interest were paid to defendant. May 7, 1929, the item of $20,767.93 disallowed was paid to Haskins & Sells, certified public accountants for accountants' charges. The item consists of the following:

"1. Professional services rendered in the general examination for the purpose of reviewing the operations for the three years ended December 31, 1928 of the accounts of the companies, the control of which is being acquired by Beneficial Industrial Loan Corporation, pursuant to a reorganization agreement dated December 31, 1928; in the preparation from the books without verification of a consolidated balance sheet, December 31, 1928, of the same companies, and in the preparation of our report dated May 4, 1929 relating thereto    $19,917.93

"2. Professional services rendered in the computation of valuations of properties being acquired by Beneficial Industrial Loan Corporation from Benex Corporation, Collex Corporation and Ibex Corporation, pursuant to Paragraph 2 of the reorganization agreement dated December 31, 1928, and in the preparation of our report dated May 4, 1929 relating thereto; in the preparation of revised exhibits of future earnings and capital requirements to be attached to the reorganization agreement dated December 31, 1928    850.00

Total    $20,767.93"

October 1, 1931, plaintiff filed with the Commissioner of Internal Revenue a claim for the refund of $2,284.47, the amount of

deficiency taxes paid. September 8, 1932, the claim for refund was rejected.

The services rendered by Haskins & Sells are summarized in their invoice as reviewing the operations for three years ended December 31, 1928, of the accounts of various companies, the computation of valuations of the properties of these companies and the preparation of revised exhibits of future earnings and capital requirements to be attached to the reorganization agreement.

The plaintiff was incorporated on December 15, 1928. Two weeks thereafter it was a party to an agreement dated December 31, 1928, whereby it agreed to acquire the property of certain companies in exchange for shares of its capital stock. This agreement was not the "Agreement and Act of Consolidation" of May 8, 1929. The accounting firm of Haskins & Sells was employed in reviewing the operations of Collex Corporation, Benex Corporation, and Ibex Corporation, etc., for three prior years. The details and character of the accountants' services are set forth in the invoice and amount to $20,767.93. The deduction of this amount by the plaintiff was disallowed on the audit of its return and resulted in the payment of the additional tax.

■ Plaintiff contends that the invoice of Haskins & Sells is an ordinary and necessary expense of the taxable period; that the services were ordinary audit service that had not been rendered by any certified public accountant for the three prior years; that the purpose of securing the audit was for routine use and corporate information. These contentions have no basis in the stipulated facts. The Commissioner of Internal Revenue stated that "The bureau holds that this is not ordinary and necessary expense within the provisions of section 23 of the Revenue Act of 1928 [26 U.S.C.A. § 23 and note]." The burden of proof is upon the taxpayer. U. S. v. Anderson, 269 U.S. 422, 46 S.Ct. 131, 70 L.Ed. 347. The plaintiff must establish that the Commissioner's determination is erroneous.

■ The purposes of the expenditures are clearly set forth in the invoice of Haskins & Sells and in the reorganization agreement of December 31, 1928. Under that reorganization agreement plaintiff was acquiring control of a number of companies and the property of those companies was being transferred to it. The payments made to Haskins & Sells were not for the audit of current operations. The return of the plaintiff specifically states that it did not commence operations until January 1, 1929. Both parts of the invoice of Haskins & Sells relate to the reorganization agreement dated December 31, 1928. Plaintiff was not only taking over the property of Collex, Benex, and Ibex companies, but was assuming all their "liabilities and obligations * * * of every kind and character existing at the time or upon completion of such transfer." A cursory examination of the reorganization agreement of December 31, 1928, will show that an extensive accounting review of the past operations of the companies sought to be acquired was necessary in order that a proper valuation could be reached for determining the number of shares of stock of the plaintiff that should be issued for each property acquired. Instead of selling its capital stock to subscribers for cash plaintiff disposed of its stock for property with the further assumption of whatever obligations and liabilities might be outstanding. The expenses of the invoice are linked with the acquisition of capital assets and the disposal of capital stock. Such expenses cannot be classified as ordinary and necessary current operating expenses applicable to the taxable period between January 1, 1929, and May 9, 1929. That such expenses are not deductible as ordinary and necessary business expenses of the taxable year under section 23(a) of the Revenue Act of 1928 (26 U.S.C.A. § 23 and note) is too clear for argument. The regulations and the decisions of the courts have consistently disallowed any deduction for expenses incurred in organizing a corporation or in building up the legal and financial structure with which the income is to be produced.

■ The expenses contained in the invoice of Haskins & Sells are not deductible as a loss. The properties of Collex, Benex, and Ibex received by plaintiff for the issuance of its capital stock were carried over intact into the consolidated company under the "Agreement and Act of Consolidation" of May 8, 1929. The agreement so provided. No gain or loss was realized in the exchange. There was no loss in fact and no loss within the contemplation of the taxing statutes. Since the properties were not lost, there is no reason to consider the expenditures in con-

nection with their acquisition as having been lost.

If the entire amount of the expenditures in the invoice is a capital expense, plaintiff contends that it is deductible in the return filed for the calendar year 1929. That return is the last return of the plaintiff. Plaintiff contends that it was dissolved by the act of consolidation in accordance with the Delaware Corporation Law sections 60–65, Rev.Code Del.1915, §§ 1974, 1975 (as amended by 35 Del.Laws, c. 85, §§ 19, 20) and sections 1976–1979. However, it should be noted that the certificate of incorporation of plaintiff filed on December 15, 1928, specifically provides: "A consolidation or merger of the corporation with any other corporation or corporations shall not be deemed a liquidation, dissolution or winding up of the corporation." Thus the plaintiff took the precaution to insure against the eventuality which it now contends occurred.

Plaintiff contends that the two items of $19,917.93 and $850 are capital expenses and should be allowed as a deduction in plaintiff's final return as a loss. In support of its contention, plaintiff cites Malta Temple Assoc. 16 B.T.A. 408, 409 and Hershey Mfg. Co. v. Commissioner (C.C.A. 10, 1930) 43 F.(2d) 298. Plaintiff says: "It is upon the reasoning of these two cases and that of the recognized leaders of accountancy that the plaintiffs base their claim." Without analyzing the reasoning of these decisions or their pertinency to the present case, it may be remarked that there was a nonacquiescence of the Commissioner in the Malta Temple Case. The amount of tax at issue in that case was $141.36, which possibly explains why the case was not appealed. The Board of Tax Appeals has refused to follow the Malta Temple Case in subsequent cases. The case is not cited by the courts. The Board of Tax Appeals has expressly refused to follow the decision in the Hershey Mfg. Co. Case and continues to follow its own ruling in that case. The fact that the question was a minor one in that case involving a deduction of $63.58 per year and that the Circuit Court sustained the Commissioner on the major issues is an adequate explanation of why a writ of certiorari was not applied for. However, the two cases relied upon by the plaintiff have no application to the facts of the present case. American Loan Co. v. Handy (D. C.) 16 F.Supp. 107.

Judgment will be entered for defendant.

Exceptions, if any, may be filed within ten days from the date hereof.